**SHIRONG ZHANG, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 05–74605.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Sept. 28, 2009.

Shirong Zhang, Monterey Park, CA, pro se.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Leah V. Durant, Esquire, Justin Robert Markel, Trial, U.S. Department of Justice, Washington, DC, for Respondent.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

MEMORANDUM **

Shirong Zhang, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and pro-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition.

Substantial evidence supports the IJ's adverse credibility determination because Zhang omitted from his asylum application that he received a police summons shortly before leaving China, causing him to go into hiding until he departed for the United States. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir.2003) (petitioner's omission of a "dramatic, pivotal event" from asylum application supported IJ's adverse credibility determination). In the absence of credible testimony, Zhang's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Because Zhang's CAT claim is based on the same evidence that the IJ found not credible, and he does not point to any other evidence showing it is more likely than not that he would be tortured in China, his CAT claim also fails. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.